BROWN REALTY COMPANY, APPELLANT, v. CHARLES R. MYERS, RESPONDENT.

Argued December 2, 1915—Decided June 19, 1916.

The doctrine of ratification is not applicable except where an agent has assumed to act for a principal but without authority. It does not apply where one who makes a contract acts for himself with the knowledge of the other party thereto.

---

On appeal from the Supreme Court.

For the plaintiff-appellant, *Harvey F. Carr.*

For the defendant-respondent, *Lewis Starr.*

The opinion of the court was delivered by

SWAYZE, J. We think it unnecessary to consider the legal question so thoroughly argued by counsel, as the facts do not require that we do so. The suit is brought to recover damages said to have been caused by the deceit of Myers' agent. Before the question of the responsibility of the principal for the fraud of his agent is reached, the question of agency must first be proved. Here we think the plaintiff fails. The facts are these: Myers owned real estate in Camden which was leased to Fisher for five years for a rental of $5,000 a year net, after paying taxes, water rent, sewerage, electric lights and gas bills, interest on mortgage, insurance premiums, and bills for repairs. Fisher seems to have found the lease an onerous one, and desired to have Myers sell the property. On April 24th, 1911, he wrote to Darling commending the property and making statements with reference thereto which are relied on as constituting fraud. Darling brought the matter to the attention of the plaintiff. It is not entirely clear what Darling's position was. Brown, an officer of the plaintiff corporation, by his testimony sought to give the impression that Darling was acting for Myers. There is no proof nor any semblance of proof that he was acting with Myers' knowledge. Darling's employment came from Fisher and it is not pretended that Fisher was authorized to employ a sub-agent for Myers or that Myers in any way recognized Darling as his agent. In fact the plaintiff's effort was to show that Fisher himself was Myers' agent. The difficulty then is that Fisher did not make the representations to the plaintiff. We may assume in favor of the plaintiff that Darling was acting for it, and that Fisher's representation to Darling was equivalent to a representation to the plaintiff. That brings us to the question whether there was any evidence that Fisher was Myers' agent. Both Fisher and Myers deny that there was any relation of agency. According to both, the fact was that Fisher, desiring to get rid of his lease, and to make something for himself out of the exchange, made an agreement on July 12th, 1911, with the plaintiff for the exchange of the Camden property for three tracts, one at

Aldene, New Jersey, one in New York City, and one at Freeport, Long Island. Thereupon Fisher took the agreement to Myers and procured his assent thereto. It is not entirely clear whether the written contract had then been actually executed by the plaintiff, but Myers says Fisher had the agreement (evidently meaning the written agreement) all ready and that he, Myers, looked it over to see what Fisher wanted him to do; and Fisher says that he had virtually closed with Brown and Weiss (officers of the plaintiff) and had their signatures to a contract really before he presented it to Myers. Fisher also says that he had an idea Myers didn't want to make the exchange, and that he, Fisher, guaranteed Myers so much money out of the transaction and put up $3,500 to secure the profit to Myers. This testimony of the only witnesses who know the actual arrangement between Myers and Fisher is uncontradicted, necessarily uncontradicted, by the plaintiff. Prior to the execution of the deed, however, and on August 19th, 1911, Fisher and Myers gave written instructions to the plaintiff to execute deeds for the Aldene and Freeport properties to Myers and for the New York City property to Fisher. The titles were passed on August 23d. Up to the time of closing the transaction, no one on behalf of the plaintiff had seen Myers. He was present part of the time while the matter was being closed, but took no apparent interest therein, was in and out, and part of the time asleep on the couch. The plaintiff relies on this conduct of Myers as amounting to a ratification of what Fisher had done. The difficulty is that what Fisher had done, he had done for himself, not ostensibly as agent for Myers. He was striving to bring about the exchange for his own advantage, and no more assumed to be agent for Myers as far as the proof shows than he assumed to be agent for the plaintiff. Fisher's personal interest was not concealed in any way from the plaintiff; in fact they must have known it when they received instructions to make the deed for the New York City property to Fisher. The doctrine of ratification is not applicable except where an agent has assumed to act for a principal but without authority. *Schlessinger* v. *Forest Products*

*Co.,* 78 *N. J. L.* 637, 641, is an illustration of the rule in a case of contract. The leading case as to torts is *Wilson* v. *Tumman,* 6 *M. & G.* 236. ·What Myers did was not to ratify any previous act done for him or in his name, but to enter into a contract at the request of Fisher made by Fisher on his own account and for his own benefit. The difference between entering into a contract and ratifying a contract already made is important. The ratification relates back to the unauthorized act; entering into a contract speaks only from the time it is made. The difference might be vital in the present case. If it were a case of ratification there would be room for the plaintiff's contention that Myers was liable for fraud of Fisher. There is no room for that contention on the facts of this case, since there is no claim that Fisher was guilty of any fraud later than April and then he did not assume to act for Myers, while Myers had nothing to do with the exchange until July.

The exceptions of the plaintiff are therefore not sustained.

The trial judge allowed the jury to render a verdict in favor of the plaintiff for $625 and interest, upon the theory that it had been unable to collect past-due rent for that amount. Fisher and Myers had united in a document which amounted to an assignment of all uncollected rents, and in the settlement an allowance had been made for $625 due from one of the tenants. The fact that the plaintiff failed to collect the $625 would not entitle it to recover the amount of Myers unless he in some way guaranteed its collection. The evidence relied on to prove this guarantee is that of Brown who testified as follows, referring to a conversation with Fisher: "He assigned it to us but they said if we didn't get it, we will pay you. Q. Who was to pay in case you didn't get it? A. Mr. Myers and Mr. Fisher." There is no testimony that Myers was present at this conversation or assented to what Fisher said. Brown evidently was testifying only to his understanding of what Fisher meant. We are unable to find any evidence that Myers had authorized Fisher to make that agreement. It is true the $625 rent belonged to Fisher, and Myers was with Fisher's permission credited with the

$625 in the adjustment; but Myers was on his part assenting to Fisher's receiving a deed for one of the three properties conveyed by the plaintiff in exchange, and he and Fisher must have made allowance for the $625 in the arrangement between themselves which resulted in Fisher's securing the New York City property. In the absence of proof of Myers' assent, he was not responsible for Fisher's promise to make good the $625 if the plaintiff failed to collect.

We think that for this error, the judgment in favor of the plaintiff should be reversed, but without costs. The record must be remitted for a new trial.

On the appeal of Charles R. Myers—

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, WILLIAMS, TAYLOR, JJ. 13.

On the appeal of Brown Realty Company—

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.